# UNITED STATES DISTRICT COURT
for the
Southern District of Ohio

| | |
|---|---|
| United States of America<br>v.<br>Vaschon Montel VINSON<br><br>*Defendant(s)* | )<br>)<br>)   Case No.  2:25-mj-471<br>)<br>)<br>)<br>) |

## CRIMINAL COMPLAINT

I, the complainant in this case, state that the following is true to the best of my knowledge and belief.
On or about the date(s) of __July 23, 2025__ in the county of __Franklin__ in the __Southern__ District of __Ohio__, the defendant(s) violated:

| Code Section | Offense Description |
|---|---|
| 18 U.S.C. § 922(g)(8) | Prohibited Person in Possession of a Firearm |
| 18 U.S.C. § 924(a)(1)(A) | Providing False Statement Regarding Information to be Kept in FFL Records |

This criminal complaint is based on these facts:
See attached affidavit.

☑ Continued on the attached sheet.

_____
Complainant's signature

Special Agent Bradley Lowe
*Printed name and title*

Sworn to before me and signed in my presence.

Date: 08/13/2025

_____
Kimberly A. Jolson
United States Magistrate Judge

City and state: Columbus, OH

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO

| | |
|---|---|
| IN THE MATTER OF AN APPLICATION FOR AN ARREST WARRANT FOR VASCHON MONTEL VINSON | Case No. 2:25-mj-471<br><br>**Filed Under Seal** |

**AFFIDAVIT IN SUPPORT OF
AN APPLICATION FOR A CRIMINAL COMPLAINT**

1. I, Bradley Lowe, hereinafter referred to as your affiant, being duly sworn, hereby depose and state as follows:

**I. AGENT BACKGROUND and INTRODUCTION**

2. Your affiant is a Special Agent with the Bureau of Alcohol, Tobacco, Firearms and Explosives (ATF) and is currently assigned to the ATF Columbus, Ohio Field Office 1, also known as the Central Ohio Crime Gun Intelligence Center (CGIC). As such, your affiant is empowered pursuant to 18 USC § 3051 to conduct investigations of and make arrests for offenses committed against the United States. As an ATF Special Agent, your affiant primarily conducts criminal investigations into violations of federal laws related to firearms, drugs, crimes of violence, arson, and explosives.

3. Your affiant submits this affidavit in support of a criminal complaint against Vaschon Montel VINSON, hereinafter referred to as VINSON, for possessing a firearm that was shipped in interstate commerce while the subject of a qualifying protection order issued by a court in violation of 18 USC § 922(g)(8) and for making a false statement with respect to information required to be kept in the records of a Federal Firearms Licensee (FFL) in violation of 18 USC § 924(a)(1)(A).

4. This affidavit is based on your affiant's personal knowledge and/or information provided by other law enforcement officers, law enforcement records, court-authorized searches, witness interviews, and your affiant's training and experience. Because this affidavit is submitted for the

limited purpose of establishing probable cause in support of a criminal complaint, your affiant did not include all details and facts known to your affiant. Your affiant is only providing the facts your affiant believes sufficient to establish probable cause that the defendant violated the 18 USC § 822(g)(8) and 18 USC § 924(a)(1)(A).

## II. PROBABLE CAUSE

5. On July 24, 2025, your affiant was assigned an investigation reference VINSON, a person believed to be prohibited from possessing firearms under federal law due to a Domestic Violence Civil Protection Order (DVCPO), attempting to purchase a firearm. The referral advised that on July 23, 2025, VINSON had attempted to purchase a firearm from Vance Outdoors in Obetz, OH, within the jurisdiction of the United States District Court for the Southern District of Ohio but was denied by the National Instant Criminal Background Check System (NICS). From training and experience, your affiant knew that meant a person believed to be VINSON had traveled, in-person, to the Vance Outdoors in Obetz, OH, a Federal Firearms Licensee (FFL), completed and signed an ATF Form 4473, and from the information on the ATF Form 4473, the NICS observed a suspected prohibiting condition and forbid Vance Outdoors from transferring the firearm. Your affiant also knew from training and experience that the person believed to be VINSON likely physically possessed the firearm prior to completing the ATF Form 4473.

6. On July 29, 2025, your affiant obtained a copy of the DVCPO against VINSON. Upon review, your affiant learned on September 10, 2024, the Honorable Judge Kim A. Browne of the Court of Common Pleas of Franklin County, Ohio, Division of Domestic Relations, held a hearing and granted the DVCPO effective through September 10, 2029. Both VINSON and the Petitioner, an intimate partner of VINSON, were present for the hearing and VINSON had acknowledged receipt of the DVCPO by signing the proof of service document. Your affiant also observed that

during the evidentiary hearing the court found the Petitioner was in immediate and present danger of domestic violence and prohibited VINSON from any contact with the Petitioner.

7. The Order specified, at least, the following terms:

    a. RESPONDENT SHALL STAY AWAY FROM ALL protected persons named in this Order and not be present within 500 feet or (distance) of any protected persons wherever those protected persons may be found, or any place the Respondent knows or should know the protected persons are likely to be, even with a protected person's permission. If Respondent accidentally comes in contact with protected persons in any public or private place, Respondent must depart immediately. This Order includes encounters on public and private roads, highways, and thoroughfares.

    b. RESPONDENT SHALL NOT INITIATE OR HAVE ANY CONTACT with the protected persons named in this Order or their residences, businesses, places of employment, schools, day care centers, or childcare providers. Contact includes, but is not limited to, landline, cordless, cellular or digital telephone; text; instant messaging; fax; e-mail; voicemail; delivery service; social media; blogging; writings; electronic communications; posting a message; or communications by any other means directly or through another person.

    c. RESPONDENT SHALL NOT POSSESS, USE, CARRY, OR OBTAIN ANY DEADLY WEAPON, INCLUDING FIREARMS, AND AMMUNITION at any time while this Order remains in effect in order to bring about a cessation of violence. Furthermore, Respondent may be subject to firearms and ammunition

   restrictions pursuant to 18 U.S.C. 922(g)(1) through (9), 18 U.S.C. 922(n), or R.C. 2923.13.

8. Based upon the above, your affiant believes the DVCPO meets the elements of 18 USC § 922(g)(8) and prohibited VINSON from possessing firearms.

9. Also on July 29, 2025, your affiant traveled to the Vance Outdoors in Obetz, OH, 4250 Alum Creek Dr., and obtained both a copy of the ATF Form 4473 related to VINSON's denied purchase and a copy of the store's surveillance video from the date and time of the denied purchase.

10. From reviewing both the ATF Form 4473 and the surveillance video, your affiant verified that on July 23, 2025, approximately 10 months after the issuance of the 60-month DVCPO against VINSON, VINSON entered the Vance Outdoors, in Obetz, OH, and possessed a firearm. Specifically, an HS Produkt, Hellcat model, 9mm, pistol bearing serial number BK183816 that was manufactured in Croatia and had traveled in both international and interstate commerce. VINSON then attempted to purchase the pistol and knowingly made a false statement while completing the ATF Form 4473, a form required by 27 CFR § 478.129 to be kept in the FFL's records, by answering "No" to the question of whether VINSON was subject to a court order restraining VINSON from harassing, stalking, or threatening an intimate partner. VINSON also signed the Form 4473 attesting VINSON's answers on the form were "true, correct, and complete," and acknowledging VINSON understood any false statement on the form was a felony under federal law.

11. On August 5, 2025, your affiant spoke with the Vance Outdoors employee who assisted VINSON, Donn Adams, and Mr. Adams confirmed the aforementioned firearm was the firearm VINSON possessed and attempted to purchase. Mr. Adams also confirmed VINSON was the person that completed and signed the buyer's section of ATF Form 4473.

### III. CONCLUSION

12. Based on the totality of the facts and circumstances described above, your affiant respectfully submits that probable cause exists that VINSON possessed a firearm that was shipped in interstate commerce while the subject of a qualifying court order, in violation of 18 USC § 922(g)(8), and made a false statement with respect to information required to be kept in the records of an FFL, in violation of 18 USC § 924(a)(1)(A), in the Southern District of Ohio.

_____
Special Agent Bradley Lowe
United State Department of Justice
Bureau of ATF

Sworn to via telephone on this 13 day of August 2025 after submission by reliable electronic means. Fed.R.Crim.P. 4.1 and 41(d)(3).

_____
Kimberly A. Jolson
United States Magistrate Judge